UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
_____

In re

PATRICIA A. MCCLELLAN,

                 Debtor.

Case No. 05-44803

Chapter 7

_____

WILLIAM T. NEARY,
United States Trustee,

                 Plaintiff,

v.

PATRICIA A. MCCLELLAN,

                 Defendant.

Adversary No. 07-2141

_____

MEMORANDUM DECISION ON UNITED STATES TRUSTEE'S MOTION
FOR CORRECTION OF CLERICAL ERROR UNDER RULE 9024 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE
_____

       The United States Trustee filed a motion for correction of a clerical error in the order denying the debtor's discharge in the above-titled adversary proceeding. The debtor opposed the motion on the ground the error was not correctable under Fed. R. Civ. P. 60(a). Both parties submitted briefs in support of their respective positions.

       This is a core proceeding under 28 U.S.C. § 157(b)(2), and the Court has jurisdiction under 28 U.S.C. § 1334. This decision constitutes the Court's findings of facts and conclusions of law pursuant to Fed. R. Bankr. P. 7052. For the reasons stated below, the motion for correction is granted.

BACKGROUND

The relevant facts are not in dispute. Patricia McClellan filed a chapter 13 petition on October 16, 2005, and her plan was confirmed on March 6, 2006. Unbeknownst to the trustee and unsecured creditors (presumably the mortgage holder signed off), the debtor had sold her homestead in July 2006, while her chapter 13 case was pending. She and her husband received approximately $81,000 from the sale. Those proceeds were never turned over to the chapter 13 trustee, and within three months the debtor and her nonfiling spouse, Patrick McClellan, had spent the entire amount. The debtor subsequently converted to chapter 7 on November 2, 2006. The trustee reported no assets for distribution on March 23, 2007.

The United States Trustee filed an adversary proceeding, seeking a denial of the debtor's discharge under 11 U.S.C. § 727(a)(2), due to her postpetition dissipation of estate assets. The debtor requested and was granted an extension of time to file an answer to the complaint. After the debtor failed to answer the complaint, the United States Trustee moved for a default judgment. The Court held a preliminary pretrial and entered the order denying the debtor's discharge on August 13, 2007.

The McClellans then filed a joint chapter 7 petition on April 27, 2011, Case No. 11-26543-pp. Some of the debts listed on the 2011 schedules had also been listed in the 2005 case. When the issue was raised with debtor's counsel, he informed the United States Trustee that the judgment order in the adversary proceeding denied the debtor's discharge pursuant to 11 U.S.C. § 727(a)(8)[1], not 11 U.S.C. § 727(a)(2), as alleged in the complaint. This adversary proceeding

---

[1] At the time of the debtor's 2005 case, section 727(a)(8) provided, in relevant part:
(a) The court shall grant the debtor a discharge, unless – . . .
    (8) the debtor has been granted a discharge under this section . . . in a case

2

was reopened on July 5, 2011, to address the motion for correction.

ARGUMENTS

The United States Trustee argues the order denying the debtor's discharge under section 727(a)(8) is correctable as a clerical error. Federal Rule of Civil Procedure 60(a), made applicable by Federal Rule of Bankruptcy Procedure 9024, provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). The bankruptcy court is entitled to modify an order under Rule 60(a) if the error was mechanical in nature rather than the result of a deliberate choice and the modification reflects the intent of the bankruptcy court at the time of the hearing. 11 C. Wright & Miller, *Federal Practice and Procedure* § 2854 at 441 (2$^d$ ed. 1995, Supp. 2011).

The movant is not asking the Court to revisit its legal analysis, nor is it asking that the Court correct an error of substantive judgment. The error in this instance is mechanical or typographical. The Court clearly intended to deny the debtor's discharge pursuant to section 727(a)(2): The complaint stated the basis for denial of discharge was under section 727(a)(2), the adversary proceeding cover sheet listed the cause of action as denial of discharge under section 727(a)(2), and the notice of the basis for denial pursuant to section 727(a)(2) was provided to all interested parties. Additionally, at the time she filed her 2005 case, the debtor was eligible for a chapter 7 discharge[2], so section 727(a)(8) did not apply to her.

---

commenced within six years before the date of the filing of the petition[.]
11 U.S.C. § 727(a)(8) (2004).

[2]The debtor and her nonfiling spouse had filed four previous chapter 13 cases before the 2005 case: Case Nos. 98-20617, 00-26573, 01-29023, and 03-32525. Her husband also filed

3

The debtor argues Fed. R. Civ. P. 60(a) cannot be used to change the judgment because the United States Trustee committed a legal error, not a clerical error, when drafting the order denying discharge. *See Blue Cross & Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006) (Rule 60(a) allows court to correct records to show what was done, rather than change them to reflect what should have been done). Nearly four years elapsed between the entry of the order and the United States Trustee's motion for correction. Presumably the Court signed the order as submitted because that was the relief the United States Trustee sought at that time. After the order and judgment denying discharge were entered all the parties behaved as if it were entered legitimately. Errors that affect the substantive rights of the parties are beyond the scope of Rule 60(a); the debtor's substantive right of obtaining a discharge of certain debts in her current case is affected by the error.

DISCUSSION

Federal Rule of Civil Procedure 60(a) provides the following:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a). Generally, a correction of clerical mistakes pursuant to a motion for relief from judgment involves a mistake mechanical in nature which is apparent on the record and

---

Case No. 08-33902, a chapter 13 case that was dismissed on June 16, 2009. After converting to chapter 7 in Case No. 98-20617, they received a discharge on June 22, 1999. Because the 2005 case was filed prior to the enactment of BAPCPA, she was eligible for a chapter 7 discharge because she filed her petition more than six years after filing the case in which she received the previous chapter 7 discharge.

4

which does not involve a legal decision or judgment by an attorney. *Doebele v. Sprint Corp.*, 168 F. Supp. 2d 1247, 1251 (D. Kan. 2001). In other words, a court may correct what is erroneous because the thing spoken, written, or recorded is not what the court intended to speak, write, or record, but a court may not change something that was deliberately done, even though it was later discovered to be wrong. *MacArthur v. San Juan County*, 405 F. Supp. 2d 1302, 1308 (D. Utah 2005).

The courts have emphasized the distinction between a party demonstrating a right to have had a particular matter reflected in an order, which that party seeks to have corrected, and the situation in which the particular correction sought is of a matter that was within the court's discretion at the time. *See, e.g., Wheeling Downs Race Track & Gaming Center v. Kovach*, 226 F.R.D. 259 (N.D. W. Va. 2004) (naming of incorrect party as prevailing party in judgment order was clerical error, and thus could be corrected where findings of fact and conclusions of law were clear as to outcome); *United States v. 706.98 Acres of Land*, 158 F. Supp. 272 (D.C. Ark. 1958) (correction allowed where all the papers in the condemnation of land case reflected that it was located in Range 27, but the judgment reflected Range 26); *In re Bestway Prods.*, 151 B.R. 530 (Bankr. E.D. Cal. 1993) (where chapter 7 discharge named individual debtor instead of corporation of which individual was officer as discharged party, mistake was apparent because individual was not debtor and because corporation may not be discharged under chapter 7); *In re Village by the Sea, Inc.*, 98 B.R. 93 (Bankr. S.D. Fla. 1989) (court's mistake in metes and bounds description of easement contained in exhibit to order fell within provisions of Rule 60(a) and could be corrected at any time since mistake resulted in granting relief court did not intend).

As succinctly stated by one leading treatise:

> The factor which most strongly suggests that a "clerical mistake" or an "error" of oversight of the type contemplated for correction under Rule 60(a) is involved, as distinguished from the errors of a more substantial nature which are to be corrected by motion under Rules 59(e) and 60(b), is that a clear right appears to have had the judgment, order, or other part of the record reflect, under the circumstances at the time, what is now sought to be reflected therein by correction under the Rule. There is no difficulty in applying Rule 60(a) to a change sought by a party where it is apparent, either from the record itself or from what the court remembers, that he seeks merely a correction to reflect that to which he was entitled; that is, a correction which presents the court with a problem no more difficult than the ministerial task of reflecting in its records what should have been reflected therein.

Jean F. Rydstrom, *Construction of Rule 60(a) of Federal Rules of Civil Procedure*, 13 A.L.R. Fed. 794 § 5 (1972, Suppl. 2010) (citations omitted).

In this case, the debtor could not have been denied a discharge under section 727(a)(8) because she had not been granted a discharge within six years of the petition date, and these grounds were never pled; yet, that is what the judgment said. It is apparent from the entirety of the records in both the debtor's main case and adversary proceeding that the debtor's discharge was – in fact, if not in number – denied pursuant to section 727(a)(2).

The Court is further guided in its decision by what is *not* considered to be a clerical error. For example, when a court has to look outside the record for the answer, it is required to conclude that no "correction" of form under Rule 60(a) is involved, but rather the change is of a substantial nature. In *In re Frigitemp Corp.*, 781 F.2d 324 ($2^d$ Cir. 1986), the appellate court determined that an omission granting prejudgment interest from a prior order was not a mere clerical error that could be corrected at any time under Rule 60(a). There was no clear indication in the record that when the bankruptcy court ruled on preference claims it had decided to grant prejudgment interest. Additionally, there was no provision for prejudgment interest in the court's prejudgment orders, and even when the bankruptcy court granted the trustee's Rule 60(a) motion,

6

the court did not state that it had intended to make an award of prejudgment interest in any of its orders directing entry of judgment.

The debtor in this case is correct when she argues that making a change under Rule 60(a) should not adversely affect the rights of others. A good example of this principle may be found in *Albion-Idaho Land Co. v Adams*, 58 F. Supp. 579 (D.C. Idaho 1945). In that case, 15 years after a judgment had been entered awarding water rights to particular parcels of land, the petitioner discovered that counsel had made a serious error in preparing the decree as to the rights of the petitioner's predecessor in title. The petitioner's motion to correct the judgment under Rule 60(a) was denied for several reasons, one of which was the effect the correction might have upon others: The rights of over 400 other parties who had purchased land and water over the intervening years would have been injured if the decree were corrected. In this case, failing to correct the error would adversely affect the rights of others, i.e., those creditors whose debts should not be subject to discharge in the present case because of the denial of discharge in the 2005 case. *See* 11 U.S.C. § 523(a)( 10).

That's not to say the debtor will not be affected by the correction. Although most clerical errors are inconsequential, as is evidently clear in this case, not all are. For purposes of relief from judgment, "[t]he defining element is not that the error was trivial, but that the parties knew that it was by pure inadvertence, rather than a mistaken exercise of judgment, that an error had crept into the judgment." *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 341 (7th Cir. 2004). Clearly, "[a]dvantage to a party in allowing a mistake to stand as part of a judgment or order is exactly what Rule 60(a) seeks to prevent, and efforts to avoid correction by calling the mistake a matter of substance or a substantial error, rather than one of form, will not succeed where the record

7

itself reflects an error of form in presenting what the court decided or intended to do." Jean F. Rydstrom, *Construction of Rule 60(a) of Federal Rules of Civil Procedure*, 13 A.L.R. Fed. 794 § 1(c) (1972, Suppl. 2010).

The record in this case is clear. This Court intended to deny the debtor a discharge under section 727(a)(2) on account of her own wrongdoing, not because of a mistake in timing the filing of the petition. The fact that the order cited section 727(a)(8) instead of section 727(a)(2) is a clerical error correctable by Fed. R. Civ. P. 60(a). She cannot be allowed to exploit a keystroke mistake to gain rights the Court clearly intended that she not have. The United States Trustee's motion for correction is thereby granted. A separate order consistent with this decision will be entered.

October 21, 2011

                                                Margaret Dee McGarity
                                                United States Bankruptcy Judge